IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brandon Roberts, | ) | C/A No.: 2:14-cv-2252-MGL-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Irene Simmons, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Brandon Roberts ("Plaintiff" or "Roberts"), proceeding pro se and in forma pauperis, filed the instant suit against Defendant Irene Simmons. (See Dkt. No. 1; see also Dkt. No. 12.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that the instant action should be summarily dismissed, without prejudice and without issuance and service of process.

## **PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant action against Defendant Irene Simmons. (See Dkt. No. 1; see also Dkt. No. 12.) In Plaintiff's Amended Complaint, he alleges this court has jurisdiction "pursuant to the Civil Rights Statute 42 U.S.C. § 2000e et seq., to redress the deprivation and rights secured by the U.S. Constitution" and that the court has supplemental jurisdiction over his state law claims. (See Am. Compl. at 1 of 9.) Plaintiff alleges that on or about March 8, 2011, Plaintiff's father, Clarence Roberts (the

"decedent"), died intestate while incarcerated at Lieber Correctional Institution. (Id. at 2 of 9.) According to Plaintiff, the decedent was married and left behind an estate. (Id.)

Plaintiff alleges that on or around June 8, 2011, he "learned that the defendant filed a formal application with the probate court requesting executrix status to the decedent's estate." (Id. at 3 of 9.) Plaintiff alleges the Defendant "willingly, knowingly[,] and intentionally" falsified government documents, "fraudulently claiming that she was the decedent's spouse," such that she was "appointed as executrix to the estate" and was "fraudulently designat[ed] . . . as the surviving spouse" on the decedent's death certificate. (Id.) According to Plaintiff, Defendant "did maliciously and intentionally fail[] to inform the plaintiff, so as to carry out these tasks and to prevent the plaintiff from applying for executor to the estate." (Id.) Plaintiff asserts that on or about June 15, 2011, he "inform[ed the probate court] of the situation, [and] shortly thereafter, the defendant was terminated as executrix." (Id.)

Plaintiff alleges Defendant "was in a relationship with the decedent for several years and had full knowledge that the decedent was married and that the plaintiff was his son." (Id.) He asserts Defendant "did intentionally withhold a substantial amount of information and facts surrounding the estate proceedings" and "carried out a number of actions intending to obstruct and stymie the plaintiff's ability to make a claim as executor to his father's estate." (Id.) Plaintiff complains that Defendant "us[ed] her daughter to oppose the plaintiff's bid for executor" and "used the plaintiff's imprisonment as another means to prevent him from qualifying for executor." (Id. at 4 of 9.) According to Plaintiff, the Defendant's daughter ("Jane I") "was subsequently appointed executrix inappropriately by a probate court judge, sympathizing with the defendant." (Id.) Plaintiff states (verbatim),

> The defendant's[] actions did cause the plaintiff a great deal of dis-association, anger, division, distrust and malice amongs a number of family members. Such could have been avoided, but for the defendant's fraudulent deceptive actions to gain control of the decedent's estate thereby[] causing pain & mental anguish emotional distress.

(Id.)

Plaintiff seeks monetary damages and declaratory relief. (See Dkt. No. 12 at 8 of 9.) He lists the following causes of action in his Amended Complaint: (a) "Access to Court/Due Process Petition Government for Redress Violation of the I & V Amend. U.S. Const."; (b) "Falsifying Government Documents Fraud/Deception Violation of State & Federal Laws"; and (c) "Intentional Infliction of Emotional Distress Pain & Mental Anguish." (See generally Dkt. No. 12.)

## DISCUSSION

For the reasons set forth herein, the undersigned recommends dismissing the instant action without prejudice and without issuance and service of process.

**Claim Pursuant to 42 U.S.C. § 1983**

To the extent Plaintiff attempts to sue Defendant pursuant to 42 U.S.C. § 1983, that claim fails.[1] A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at

---

[1] The undersigned notes that Plaintiff cites 42 U.S.C. § 2000e as the statutory basis for his claim "to redress the deprivation and rights secured by the U.S. Constitution." (See Dkt. No. 12 at 1 of 9.) Presumably this reference is a scrivener's error, as that statutory provision contains the definitions for terms used in Title VII of the Civil Rights Act. See Mitchell v. RJK of Gloucester, Inc., 899 F. Supp. 246, 247 (E.D. Va. 1995) ("By its terms, Title VII only applies to 'employers.'"); see also 42 U.S.C. § 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . .").

4

Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's purported § 1983 claim fails because there is no allegation that Defendant acted under color of state law.  The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507 (quoting Blum, 457 U.S. at 1004). The instant case involves purely private conduct: Plaintiff alleges that Defendant, who was in a relationship with Plaintiff's father for many years, wrongfully prevented Plaintiff from being appointed executor of his father's estate. (See generally Am. Compl.) Plaintiff fails to state a claim pursuant to § 1983. See Hall v. Creech, 17 Fed. App'x 270 (6th Cir. 2001); see also Patterson v. Rodgers, 708 F. Supp. 2d 225, 238-39 (D. Conn. 2010).

**Fraud**

Plaintiff seeks to assert a claim for fraud, complaining that Defendant "falsified Government documents claiming she was the surviving spouse of the decedent." (Am. Compl. at 6 of 9.) Plaintiff alleges that Defendant violated Plaintiff's rights "[w]hen she provided fraudulent information to [g]overnment officials." The elements of a cause of action for fraud are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

Cheney Bros., Inc. v. Batesville Casket Co., 47 F.3d 111, 114 (4th Cir. 1995) (citing Ardis v. Cox, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (1993); DeHart v. Dodge City of Spartanburg, Inc., 311 S.C. 135, 138-39, 427 S.E.2d 720, 722 n.1 (1993)). "A complaint is fatally defective if it fails to allege all nine elements of fraud." Ardis, 314 S.C. at 515, 431 S.E.2d at 269 (citing Inman v. Ken Hyatt Chrysler Plymouth, Inc., 294 S.C. 240, 363 S.E.2d 691 (1988)).

Of course, Plaintiff alleges that Defendant made the at-issue representations to various "[g]overnment officials," not to Plaintiff. As noted above, an element of fraud is the "***hearer's*** consequent and proximate injury." Ardis, 314 S.C. at 515, 431 S.E.2d at 269 (emphasis added). In the instant case, the alleged "hearer" of the representation has not suffered any injury. Accordingly, Plaintiff does not state a claim for fraud. See DeHart, 311 S.C. at 139-40, 427 S.E.2d at 722 (holding the trial judge erred in denying the defendant's

motions for a directed verdict and judgment notwithstanding the verdict where, as a matter of law, the plaintiff hearer did not have the right to rely on statements made by the defendant's salesman); see also Shaw v. Great Atl. & Pac. Tea Co., 115 F.2d 684, 684-85 (4th Cir. 1940) ("It is well settled in South Carolina and elsewhere that a plaintiff may not recover on the charge of fraud and deceit unless it is shown that he was deceived by false representation, and relied upon them to his hurt.").

**Intentional Infliction of Emotional Distress**

Plaintiff's last cause of action is for intentional infliction of emotional distress.

> To establish the tort of intentional infliction of emotional distress, or outrage, the plaintiff must establish the following:
>
> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or knew that distress would probably result from his conduct;
> (2) the defendant's conduct was so extreme and outrageous that it exceeded all possible grounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community;
> (3) the actions of the defendant caused the plaintiff's emotional distress; and
> (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Dye v. Gainey, 320 S.C. 65, 69, 463 S.E.2d 97, 99 (Ct. App. 1995) (citing Shupe v. Settle, 315 S.C. 510, 445 S.E.2d 651 (Ct. App. 1994)).

Plaintiff alleges that Defendant's actions "did cause pain and emotional distress" as well as "mental anguish" to the Plaintiff. (Am. Compl. at 7 of 9.) Plaintiff further asserts that

7

he suffered pain and emotional distress "[w]hen several of his relatives dis-associated themselves with him thereby[] causing division, distrust and malice." (Id.)

The undersigned recommends dismissal of this claim. As a preliminary matter, it is not clear that Defendant's alleged conduct was directed at the Plaintiff. See Upchurch v. N.Y. Times Co., 314 S.C. 531, 536, 431 S.E.2d 558, 536 (1993) ("The law limits claims of intentional infliction of emotional distress to egregious conduct toward a plaintiff proximately caused by a defendant. It is not enough that the conduct is intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." (citations omitted)). Regardless, Defendant's alleged conduct does not–in the opinion of the undersigned–constitute conduct "so extreme and outrageous that it exceeded all possible grounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community." Compare Dye, 320 S.C. at 69, 463 S.E.2d at 99 ("Allegations of broken promises made during the course of an adulterous relationship, without more, are not sufficient to state a claim for outrage."); Folkens v. Hunt, 290 S.C. 194, 204, 348 S.E.2d 839, 845 (Ct. App. 1986) (verbal abuse by defendant accountant and accusation that plaintiff owed hundreds of thousands of dollars in taxes and filed fraudulent tax returns was not "so extreme and outrageous as to exceed all possible bounds of decency and was atrocious, and utterly intolerable in a civilized community" (internal quotation marks and citations omitted)); with Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776 (1981) (finding the evidence legally sufficient to support a verdict for the plaintiff's intentional infliction of emotional distress claim where there was evidence that the

defendant home buyer subjected the plaintiff realtor to repeated public browbeatings, obscenities, and threats over a two-year period, and even entered plaintiff's home without permission and verbally attacked her in front of a guest). Cf. Hansson v. Scalise Builders of S.C., 374 S.C. 352, 359-60, 650 S.E.2d 68, 72 (2007) ("Assuming, without deciding, that Petitioners' conduct was sufficiently 'outrageous' to come within the ambit of intentional infliction of emotional distress, Hansson's passing references to fairly ordinary symptoms are nonetheless insufficient to create a jury question on the damages element of his claim for intentional infliction of emotional distress."). Plaintiff has not stated a claim for intentional infliction of emotional distress.

## RECOMMENDATION

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*[signature]*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 7, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>     **Robin L. Blume, Clerk of Court**
>     **United States District Court**
>     **Post Office Box 835**
>     **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).