

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BRANDON ROBERTS,<br>　　　　Plaintiff,<br><br>vs.<br><br>IRENE SIMMONS,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 2:14-2252-MGL-WWD<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 7, 2014, but Plaintiff failed to file any objections–even after asking for, and being granted, a generous extension of time to file them. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff's father died intestate while incarcerated in the Lieber Correctional Institution. Plaintiff alleges that Defendant falsely informed the probate court that she was the surviving spouse of Plaintiff's father in her successful attempt to become the executrix of Plaintiff's father's estate. He brings the following claims in his complaint: (a) "Access to Court/Due Process Petition Government for Redress Violation of the I & V Amend. U.S. Const.;" (b) "Falsifying Government Documents Fraud/Deception Violation of State & Federal Laws;" and (c) "Intentional Infliction of Emotional Distress Pain & Mental Anguish." Amended Complaint 5-7  He seeks both monetary and declaratory relief. *Id. at 8.*

Although Plaintiff states that he is bringing his constitutional claims under 42 U.S.C. § 2000e, a statutory provision that contains the definitions of terms used in Title VII, the Magistrate Judge has liberally construed the suit as having been brought under 42 U.S.C. § 1983. Nevertheless, the Magistrate Judge suggests that Plaintiff's constitutional claims under § 1983 must fail.

Simply stated, Plaintiff alleges nothing more than private conduct. And, the "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

(quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Therefore, Plaintiff's § 1983 claims will be dismissed.

The Magistrate Judge also recommends that Plaintiff's fraud claims be dismissed. One of the nine elements that must be alleged in a fraud cause of action is the "hearer's consequent and proximate injury." *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. 1993). But, Plaintiff has failed to allege that the hearer–in this case, various "[g]overnment officials"–suffered any injury. Consequently, the Court will dismiss Plaintiff's fraud claim, as well.

Finally, the Magistrate Judge asserts that Plaintiff's intentional infliction of emotional distress claim should be dismissed, too. To establish a claim of intentional infliction of emotional distress, or outage, the plaintiff must establish, among other things, that "the defendant's conduct was so extreme and outrageous that it exceeded all possible grounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community." *Dye v. Gainey*, 463 S.E.2d 97, 99 (S.C. Ct. App. 1995). In the opinion of both the Magistrate Judge and this Court, Plaintiff is unable to satisfy this element of the claim on the facts of this case. *See Folkens v. Hunt*, 348 S.E.2d 839, 845 (S.C. Ct. App. 1986) (holding that verbal abuse by defendant accountant and accusation that plaintiff owed hundreds of thousands of dollars in taxes and filed fraudulent tax returns was not "so extreme and outrageous as to exceed all possible bounds of decency and was atrocious, and utterly intolerable in a civilized community" (internal quotation marks and citations omitted)). Therefore, the Court will dismiss this claim, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment

of this Court Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 11th day of December, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.